

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 26, 1971

Mr. R. L. Coffman
Administrator
Texas Employment Commission
Austin, Texas

Opinion No. M-797

Re: Whether amendments to
the Texas Unemployment
Compensation Act which
would permit two classes
of newly covered
employers to pay taxes
at a lower rate than
other newly covered
employers, would violate
Article VIII, Section
1 of the Texas Consti-
tution.

Dear Mr. Coffman:

In your request for the opinion of this office on the above question, you state that Public Law 91-373, Employment Security Amendments of 1970, passed by Congress on August 10, 1970, requires that coverage under the terms of the Texas Unemployment Compensation Act (Article 5221b, Vernon's Civil Statutes) be extended by January 1, 1972, to include certain classes of employers which were previously exempt from coverage. Two of the classes of employers to which coverage must be extended are employers of one to three employees and nonprofit organizations. The federal act also will permit, but not require, the Texas Act to be amended to allow these two classes of employers a reduced tax rate of not less than 1% rather than the tax rate of 2.7% which will be required of other new employers. The question has therefore arisen whether amendments to the Texas Act allowing these two classes of employers a lower tax rate than other new employers would violate Article VIII, Section 1, of the Texas Constitution which provides, in relevant part, "Taxation shall be equal and uniform. . . ."

Since the adoption of this constitutional provision, it has been recognized that a literal interpretation and application of the requirement for equal and uniform taxation would not be equitable, since all taxpayers are not in equal

-3868-

circumstances. Texas courts therefore formulated a doctrine of 'reasonable classification' which provides that, notwithstanding this constitutional mandate, the Legislature may classify subjects of tax and regulatory legislation on the basis of real and substantial differences, and thus discriminate in the burdens placed on these various classes. 12 Tex.Jur.2d 457-462, Constitutional Law, Secs. 110-114. Accordingly, this section of the Constitution would not prohibit the Legislature from enacting a tax that is unequal on its face, provided that the legislation creates reasonable classifications of subject matter and provided that the tax is applied uniformly to each particular class.

The Texas Supreme Court previously had occasion to rule on the constitutional validity of the classifications established by the original Texas Unemployment Compensation Act. In the original Act, which became effective in 1936, coverage was extended to employers with eight or more employees. Nonprofit organizations were exempt. In 1955, the number of employees required for coverage was lowered to four or more. In Friedman vs. American Surety Co. of New York, 137 T.149, 151 S.W.2d 570 (1941), the Supreme Court, in answering certified questions from the Court of Civil Appeals, held that the Act did not violate any provision of the Texas Constitution. Although the Court was not specifically considering Section 1 of Article VIII of the Constitution, it did briefly advert to the doctrine of reasonable classification in its opinion when it stated:

> "Our Constitution does not forbid legislative classification of subjects and persons for the purpose of regulatory legislation, but it does require that the classification be not arbitrary or unreasonable. Classification must be based on a real and substantial difference, having relation to the subject of particular enactment. If there is a reasonable ground for the classification, and the law operates equally on all within the same class, it will be held valid. 9 Tex.Jur. p. 558, Sec. 120. We will not extend this opinion by attempting to analyze or discuss the

above exceptions. It is sufficient
to say that, measured by the above
rules, the classifications and excep-
tions made by this Act are not unrea-
sonable or arbitrary. Stated in
another way, we think that such class-
ifications are based upon real and
substantial differences having relation
to the subject matter of the legislation."
(151 S.W.2d 577)

Since, at that time, the Act taxed employers of eight
or more employees and did not tax employers of seven or less
employees or nonprofit organizations, the Court, in effect,
held that these classifications by the Legislature were
reasonable and not in violation of Section 1 of Article
VIII of the Constitution. In our opinion the same reasoning
would apply to the 1955 amendment extending coverage to
employers of four or more employees.

Since the Legislature is constitutionally authorized
to make this distinction between classes of employers in
determining whether a tax should be imposed, we hold it
may further make a distinction in determining that the tax
shall be assessed at varying rates between such classes.
In other words, if it is constitutional to tax some classes
of employers and not to tax other classes, as is presently
done, it would also be constitutional to tax the former
at one rate and to tax the latter at a lesser rate.

For these reasons, it is our opinion that amendments
to the Texas Unemployment Compensation Act allowing these
two classes of new employers a lower tax rate than other new
employers, would not be in violation of Section 1 of Article
VIII of the Texas Constitution.

### S U M M A R Y

Amendments to the Texas Unemployment
Compensation Act, Article 5221b, V.C.S.,
which would permit employers of one to

Mr. R. L. Coffman, page 4, (M- 797)

three employees and nonprofit
organizations to pay taxes at a
lower rate than other newly
covered employers, would not
violate Article VIII, Section 1,
of the Texas Constitution.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Stephen W. Hollahan
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Harriet Burke
Scott Garrison
Wm. J. Craig
Malcolm Smith

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant